**SEARS, ROEBUCK & COMPANY,**
Relator,

v.

**The Honorable Mario E. RAMIREZ,
Jr., Respondent.**

No. D–1430.

Supreme Court of Texas.

Feb. 12, 1992.

Wallace B. Jefferson, Franklin Eastwood, San Antonio, for relator.

David McQuade Leibowitz, San Antonio, for respondent.

PER CURIAM.

In this case, Sears, Roebuck & Company seeks mandamus relief from a trial court order requiring that Sears produce copies of its tax returns to real party in interest Rebecca Perez. We conclude that the trial court abused its discretion in requiring such production, and we conditionally grant the writ.

Rebecca Perez filed suit against Sears for wrongful termination of her employment. She alleged the firing was "harsh, oppressive and malicious," and she pleaded for an award of exemplary damages. During discovery, Perez sought net worth information, requesting that Sears produce annual reports and tax returns for the five years preceding her suit. Sears produced the annual reports, but objected to the request for production of tax returns on the grounds of undue burden and unnecessary expense. Sears proffered evidence that its net worth was contained in the annual reports and that it would take one employee two to three weeks to duplicate the requested tax returns. There was no conflicting evidence. The trial court ordered the tax returns produced.

■ Mandamus issues to correct a clear abuse of discretion when there is no other adequate remedy by law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985, orig. proceeding). Sears disclosed its net worth to Perez by providing its audited and certified annual reports. An affidavit by the Manager of Federal Income Tax Returns for Sears states that the annual reports accurately reflect Sears' net worth. There is no indication that Sears' annual reports do not accurately reflect its net worth. Under the facts of this case, discovery of federal income tax statements in addition to the annual reports is unnecessarily duplicative. There is no justification for requiring Sears to produce the same information in different form. Our opinion in this case is guided by our reluctance to allow uncontrolled and unnecessary discovery of federal income tax returns. *See Crane v. Tunks*, 328 S.W.2d 434, 440 (Tex.1959, orig. proceeding).

■ Under these facts, requiring disclosure of federal income tax returns is a clear abuse of discretion because Sears already produced its annual reports in response to another request for production. Sears has no adequate remedy by appeal because the court of appeals cannot cure the trial court's error.

Pursuant to Rule 122 of the Texas Rules of Appellate Procedure, without hearing oral argument, a majority of the court conditionally grants the writ of mandamus. The writ will issue only if the trial court

refuses to set aside its order in accordance with this opinion.