TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00005-CV






In re Lanny R. Freeman and Cobbs Brothers Oil & Gas Company, Relators









ORIGINAL PROCEEDING FROM TRAVIS COUNTY 







PER CURIAM

 In this original proceeding, relators Lanny R. Freeman and Cobbs Brothers Oil &
Gas Company ("Cobbs Brothers") seek a writ of mandamus directing the trial court to vacate its
January 5, 1999 order granting plaintiffs Petroleum Development Corporation, Pedeco, Inc.,
Warren Resources, Inc., Norman Swanton, and James C. Johnson Jr.'s motion to compel
discovery and denying Cobbs Brothers' motion for protective order. Plaintiffs served relators
interrogatories and requests for production on September 14, and again on September 17, 1998. 
Freeman served his first set of answers and objections on October 13, and Cobbs Brothers filed
its answers, objections, and motion for protective order on October 16. When the parties could
not resolve their discovery disputes informally, plaintiffs filed their motion to compel on
December 21, 1998. The district court held a hearing on both the motion to compel discovery and
the motion for protective order on January 5, 1999. At the conclusion of the hearing, the court
signed an order granting plaintiffs' motion to compel and denying Cobbs Brothers' motion for
protective order. 

 Relators object to the order compelling production of the following: (1) Freeman's
federal income tax returns and Cobbs Brothers' federal corporate tax returns for 1994, 1995,
1996, and 1997; (2) originals, or a release to obtain originals, of Freeman's military records,
diplomas, and the letter forming the basis of his counterclaims; (3) a list of all criminal and civil
lawsuits of which Freeman has been a party or witness in the last 10 years; and (4) responses to
all contention interrogatories. 

 We conclude that relators are entitled to mandamus relief from that portion of the
order compelling them to produce federal tax returns for 1994 and 1995. Tax returns are
discoverable to the extent that they are relevant and material to issues presented in the underlying
lawsuit. See Hall v. Lawlis, 907 S.W.2d 493, 494 (Tex. 1995). The Texas Supreme Court,
however, is reluctant to allow "uncontrolled and unnecessary discovery" of federal tax returns. 
See id. at 494-95 (quoting Sears, Roebuck & Co. v. Ramirez, 824 S.W.2d 558, 559 (Tex. 1992)).

 In response to plaintiffs' request for production and at the hearing on plaintiffs'
motion to compel, relators objected to the production of their federal tax returns for 1994 and
1995 on the basis of relevancy. Specifically, relators argue that because they did not begin a
contractual relationship with plaintiffs until 1996, their federal tax returns for 1994 and 1995 are
irrelevant. We agree. Plaintiffs offer no explanation as to how the federal tax returns are relevant
to their claims since they predate the parties' business relationship at issue in this case. Therefore,
we conclude the trial court abused its discretion by ordering production of the relators' 1994 and
1995 federal tax returns without showing relevance in this case. See id. at 495. Further, we hold
that compelling production of the federal tax returns leaves relators without an adequate remedy
by appeal. See id.; see also Walker v. Packer, 827 S.W.2d 833, 843 (Tex. 1992). 

 Accordingly, we conditionally grant the writ of mandamus as to relators' 1994 and
1995 federal tax returns. We will issue the writ of mandamus only if the trial court fails to vacate
that portion of its January 5, 1999 order compelling production of signed releases authorizing
plaintiffs to obtain official copies of relators' signed and dated federal tax returns for the years
1994 and 1995. The remainder of relators' petition for writ of mandamus is denied.

 Having resolved the merits of relators' petition for writ of mandamus, the
temporary stay issued by this Court on January 14, 1999 is dissolved.



Before Justices Jones, B. A. Smith and Yeakel

Mandamus Conditionally Granted in Part and Denied in Part

Filed: February 19, 1999

Do Not Publish



ALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00005-CV






In re Lanny R. Freeman and Cobbs Brothers Oil & Gas Company, Relators









ORIGINAL PROCEEDING FROM TRAVIS COUNTY 







PER CURIAM

 In this original proceeding, relators Lanny R. Freeman and Cobbs Brothers Oil &
Gas Company ("Cobbs Brothers") seek a writ of mandamus directing the trial court to vacate its
January 5, 1999 order granting plaintiffs Petroleum Development Corporation, Pedeco, Inc.,
Warren Resources, Inc., Norman Swanton, and James C. Johnson Jr.'s motion to compel
discovery and denying Cobbs Brothers' motion for protective order. Plaintiffs served relators
interrogatories and requests for production on September 14, and again on September 17, 1998. 
Freeman served his first set of answers and objections on October 13, and Cobbs Brothers filed
its answers, objections, and motion for protective order on October 16. When the parties could
not resolve their discovery disputes informally, plaintiffs filed their motion to compel on
December 21, 1998. The district court held a hearing on both the motion to compel discovery and
the motion for protective order on January 5, 1999. At the conclusion of the hearing, the court
signed an order granting plaintiffs' motion to compel and denying Cobbs Brothers' motion for
protective order. 

 Relators object to the order compelling production of the following: (1) Freeman's
federal income tax returns and Cobbs Brothers' federal corporate tax returns for 1994, 1995,
1996, and 1997; (2) originals, or a release to obtain originals, of Freeman's military records,
diplomas, and the letter forming the basis of his counterclaims; (3) a list of all criminal and civil
lawsuits of which Freeman has been a party or witness in the last 10 years; and (4) responses to
all contention interrogatories. 

 We conclude that relators are entitled to mandamus relief from that portion of the
order compelling them to produce federal tax returns for 1994 and 1995. Tax returns are
discoverable to the extent that they are relevant and material to issues presented in the underlying
lawsuit. See Hall v. Lawlis, 907 S.W.2d 493, 494 (Tex. 1995). The Texas Supreme Court,
however, is reluctant to allow "uncontrolled and unnecessary discovery" of federal tax returns. 
See id. at 494-95 (quoting Sears, Roebuck & Co. v. Ramirez, 824 S.W.2d 558, 559 (Tex. 1992)).

 In response to plaintiffs' request for production and at the hearing on plaintiffs'
motion to compel, relators objected to the production of their federal tax returns for 1994 and
1995 on the basis of relevancy. Specifically, relators argue that because they did not begin a
contractual relationship with plaintiffs until 1996, their federal tax returns for 1994 and 1995 are
irrelevant. We agree. Plaintiffs offer no explanation as to how the federal tax returns are relevant
to their claims since they predate the parties' business relationship at issue in this case. Therefore,
we conclude the trial court abused its discretion by ordering production of the relators' 1994 and
1995 federal tax returns without showing relevance in this case. See id. at 495. Further, we hold
that compelling production of the federal tax returns leaves relators without an adequate remedy
by appeal. See id.; see also Walker v. Packer, 827 S.W.2d 833, 843 (Tex. 1992). 

 Accordingly, we conditionally grant the writ of mandamus as to relators' 1994 and
1995 federal tax returns. We will issue the writ of mandamus only if the trial court fails to vacate
that portion of its January 5, 1999 order compelling production of signed releases authorizing
plaintiffs to obtain official copies of relators' signed and dated federal tax returns for the years
1994 and 1995. The remainder of relators' petition for writ of mandamus is denied.

 Having resolved the merits of relators' petition for writ of mandamus, the
temporary stay issued by this Court on January 14, 1999 is dissolved.