Petition for Writ of Mandamus Conditionally Granted, in Part, and
Denied, in Part, and Memorandum Opinion filed September **, 2010









Petition
for Writ of Mandamus Conditionally Granted, in Part, and Denied, in Part, and
Memorandum Opinion filed September 22, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00106-CV



In Re Preston Croft,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM 
OPINION

In this original proceeding, relator, Preston Croft,
asks this Court to compel the Honorable James H. Shoemake, presiding judge of
the 434th Judicial District Court of Fort Bend County, to set aside his
February 4, 2010 discovery order and two subsequent letter orders compelling
relator to produce his tax returns and other financial documents.  See Tex.
Gov’t Code Ann. §22.221 (Vernon 2004); see also Tex. R. App. P. 52.  We
conditionally grant the petition, in part, and deny it, in part.  

Background

            Relator
and real party in interest, Craig Corbell, are owners in Croft Production
Systems, Inc. (“CPS”), which designs, installs, and leases dehydration and
dew-point reducing equipment to the oil and gas industry.  Corbell alleges that
relator was using CPS for personal use, and was allocating his personal debt to
CPS.  Corbell further alleges that CPS’s debt increased as a result of
relator’s personal expenditures.  Corbell claims that when he addressed these
concerns with relator, a dispute arose over the number of shares Corbell owns
in CPS.  

            Corbell,
individually, and on behalf of CPS, sued relator for breach of fiduciary duty,
breach of contract, fraud, and minority shareholder oppression.  The discovery
Corbell sought from relator included relator’s tax returns and other financial
documents.  Relator objected that the discovery is overly broad and not
relevant.  Based on Corbell’s allegations of fraud, misapplication of corporate
money and misuse of corporate assets, including conversion of corporate assets
and money to personal use, the trial court ordered relator to produce tax
returns for certain years and certain financial documents.  Relator seeks to
set aside the trial court’s discovery orders in this original proceeding.  

Standard of Review

            To
be entitled to the extraordinary relief a writ of mandamus, the relator must
show that the trial court clearly abused its discretion, and he has no adequate
remedy by appeal.  In re Laibe Corp., 307 S.W.3d 314, 316 (Tex. 2010) (orig. proceeding) (per curiam).  A trial court abuses its discretion if it
reaches a decision so arbitrary and unreasonable as to constitute a clear and
prejudicial error of law, or if it clearly fails to analyze or apply the law.  In
re Columbia Med. Ctr. of Law Colinas, 306 S.W.3d 246, 248 (Tex. 2010) (orig. proceeding) (per curiam); In re Cerberus Capital Mgmt., L.P., 164
S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).  An appeal is not
an adequate remedy when the appellate court would not be able to cure the trial
court’s discovery error.  In re Dana Corp., 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (per curiam); In re Kuntz, 124 S.W.3d 179, 181 (Tex. 2003) (orig. proceeding).  

            Discovery
is limited to matters relevant to the case.  Texaco, Inc. v. Sanderson,
898 S.W.2d 813, 814 (Tex. 1995) (orig. proceeding) (per curiam).  A party’s
requests must show a reasonable expectation of obtaining information that will
aid in the resolution of the dispute.  In re CSX Corp., 124 S.W.3d 149,
152 (Tex. 2003) (orig. proceeding) (per curiam).  Therefore, discovery requests
must be reasonably tailored to include only matters relevant to the case.  In
re Am. Optical Corp., 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding)
(per curiam).  The Texas Supreme Court has repeatedly admonished that discovery
may not be used as a fishing expedition.  K Mart Corp. v. Sanderson, 937
S.W.2d 429, 431 (Tex. 1996) (orig. proceeding) (per curiam); Dillard Dep’t
Stores, Inc. v. Hall, 909 S.W.2d 491, 492 (Tex. 1995) (orig. proceeding)
(per curiam); Texaco, Inc., 898 S.W.2d at 815.  The scope of discovery
is generally a matter of trial court discretion.  In re CSX Corp., 124
S.W.3d at 152.  

Analysis

            Relator
asserts the trial court abused its discretion by compelling him to produce his
tax returns and certain other financial documents.[1] 
The Texas Supreme Court has expressed its “‘reluctance to allow uncontrolled
and unnecessary discovery of federal income tax returns.’”  Hall v. Lawlis,
907 S.W.2d 493, 494 (Tex. 1995) (orig. proceeding) (per curiam) (quoting Sears,
Roebuck & Co. v. Ramirez, 824 S.W.2d 558, 559 (Tex. 1992) (orig.
proceeding) (per curiam)).  With regard to the discovery of tax returns, the
Texas Supreme Court has explained:

Subjecting federal income tax returns of our citizens to
discovery is sustainable only because the pursuit of justice between the
litigants outweighs protection of their privacy.  But sacrifices of the latter
should be kept to the minimum, and this requires scrupulous limitation of
discovery to information furthering justice between the parties which, in turn,
can only be information of relevancy and materiality to the matters in
controversy.  

Maresca
v. Marks, 362 S.W.2d 299, 301 (Tex. 1962) (orig.
proceeding).  Therefore, “[i]ncome tax returns are discoverable to the extent
they are relevant and material to the issues presented in the lawsuit.”  Hall,
907 S.W.2d at 494.  

            Generally,
in cases concerning the production of financial records, the burden rests on
the party seeking to prevent production.  In re Jacobs, 300 S.W.3d 35,
40 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding [mand. dism’d]). 
However, unlike the production of other financial records, once an objection is
asserted, the party seeking the discovery of income tax returns bears the
burden of showing that the returns are relevant and material to the issues in
the case.  In re House of Yahweh, 266 S.W.3d 668, 674 (Tex.
App.—Eastland 2008, orig. proceeding); In re Patel, 218 S.W.3d 911, 918
(Tex. App.—Corpus Christi 2007, orig. proceeding); El Centro del Barrio,
Inc. v. Barlow, 894 S.W.2d 775, 779 (Tex. App.—San Antonio 1994, orig.
proceeding). 

            A
trial court abuses its discretion by ordering production of tax returns without
a showing of relevance in the case.  Hall, 907 S.W.2d at 494.  In
addition, federal income tax returns are not subject to discovery if the
relevant information sought through the returns can be obtained from another
source.  In re House of Yahweh, at 674; In re Patel, 218 S.W.3d
at 919; El Centro del Barrio, 894 S.W.2d at 780.  

Corbell argues that the tax returns are necessary for
determining the allocation of assets and liabilities of relator and CPS, and
the parties’ respective ownership interests in CPS.  However, Corbell has not
met his burden show that the tax returns are relevant.  Corbell has also not
demonstrated that he cannot obtain the information that he seeks in the tax
returns from another source.  Indeed, Corbell admits in his response to
relator’s petition that he can obtain the information in other financial
documents and such documents are relevant to these issues.  Because Corbell has
not met his burden of showing that relator’s tax returns are relevant and
material to the issues in this case, the trial court abused its discretion in
ordering the production of the tax returns.  

With regard to the production of the other financial
documents, relator has the burden of showing that they are not relevant. 
Relator contends that the requests are overbroad because they seek information
beyond time periods and activities relevant to this case.  See In re Alford
Chevrolet-Geo, 997 S.W.2d 173, 180 n.1 (Tex. 1999) (orig. proceeding)
(explaining that overbroad requests encompass time periods or activities beyond
those at issue in case).  

According to relator, Corbell failed to respond
timely to relator’s request for admission that Corbell first took possession of
CPS stock on February 9, 2009.  Based on this contention, relator argues that
any documents showing the percentage of ownership or relator’s conduct with
regard to the handling of CPS funds and assets before February 9, 2009 are not
relevant.  However, Corbell has alleged that relator promised to give him a 5%
ownership interest in CPS in exchange for Corbell working for CPS in 2005, and
further that the stock certificates should have been issued to him no later
than early 2007.  We conclude that relator has not met his burden of showing
that the remaining financial documents are not relevant to this case.  

Conclusion

We conclude that the trial court abused its
discretion by ordering relator to produce his tax returns and the error cannot
be cured on appeal.  Accordingly, we conditionally grant the petition for writ
of mandamus, in part, and direct the trial court to set aside those portions of
its discovery orders that compel relator to produce his tax returns.  We deny
the remainder of the petition for writ of mandamus.  The writ will issue only
if the trial court fails to act in accordance with this opinion.  We lift our
stay issued on February 8, 2010.  

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Frost, Boyce,
and Sullivan (Justice Frost not participating).









[1] Relator
initially argued that Corbell sought the tax returns and financial documents
for the purpose of showing “net worth.”  However, Corbell claimed these
documents are relevant to his substantive claims.