NUMBER 13-07-003-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 




 IN RE BALDEV PATEL D/B/A WHARTON INN AND JAYESH PATEL


 


On Petition for Writ of Mandamus.


 



O P I N I O N



Before Justices Rodriguez, Garza, and Benavides


Opinion by Justice Rodriguez



 Relators, Baldev Patel d/b/a Wharton Inn (the Inn) and Jayesh Patel, (1) filed a
petition for writ of mandamus against respondent, the Honorable Daniel Richard Sklar,
the presiding judge of the 329th Judicial District Court, Wharton County, Texas. In
their petition, relators requested that this Court vacate respondent's order of November
27, 2006, which denied relators' motion to quash notices of intention to take
depositions by written questions and subpoenas duces tecum for records regarding
relators that were in the possession of relators' accountant, bank, insurance agent, and
the Texas Comptroller of Public Accounts. Relators also requested that this Court
vacate respondent's order of November 27, 2006, which granted entry upon the Inn,
the property at issue in this proceeding. Additionally, relators filed a motion for
temporary, emergency relief asking this Court to stay both orders pending the
resolution of the issues raised in their petition for writ of mandamus.

 On January 11, 2007, we issued an order denying relators' request as to the
deposition by written questions and subpoenas duces tecum issued to Insurance Net,
one of relators' insurance agents, and the Texas Comptroller. We also denied relief
sought regarding the trial court's November 27, 2006 order granting real parties, GAB
Robins North America, Inc., and Ken Kauffman, entry upon the Inn. We did, however,
grant emergency relief and stayed the portion of the trial court's November 27, 2006
order that denied relators' motion to quash the depositions on written questions with
subpoenas duces tecum issued to Mahesh Desai, relators' certified public accountant
(CPA), and to Prosperity Bank, relators' bank. Real party in interest, Nautilus Insurance
Company (Nautilus), filed its response on January 31, 2007.

 Addressing the trial court's denial of relators' motion to quash the depositions
on written questions with subpoenas duces tecum issued to Desai and Prosperity
Bank, (2) we now conclude that relators are entitled to mandamus relief from that portion
of the order compelling production of any and all documents related to Jayesh Patel
and from that portion of the order compelling production of the tax returns and
supporting documentation of Baldev Patel. Accordingly, we deny the petition, in part,
and conditionally grant the petition, in part.

I. Background

 This proceeding arises out of a suit by the Patels filed against Nautilus, an
insurance company that insured the Inn during the relevant time period; Gab Robins
North America, Inc., the adjustor who evaluated the damage at issue; and Ken
Kauffman, GAB Robins's employee who inspected the Inn. In the suit, the Patels
appear to be seeking recovery for lost income, lost business opportunities, and all
interior damages to the Inn allegedly caused by a March 13, 2003 hail storm. (3)

 Nautilus issued a third-party deposition on written questions with a subpoena
duces tecum attached to Prosperity Bank requesting the following:

 Any and all documents, including but not limited to, any and all bank
statements, checks, deposit slips, withdrawal slips, loans, loan
applications, property appraisals or any other documents relating to
Baldev Patel and/or Baldev Patel d/b/a The Wharton Inn and/or Jayesh
Patel, including, but not limited to, Accounts 20567123, 20903849 and
any other open or closed accounts.


A similar notice to Desai asked for the following documents:

 Copies of any and all documents relating in any way to Baldev Patel,
Jayesh Patel and/or Baldev Patel d/b/a Wharton Inn, including, but not
limited to U.S. Income Tax Returns with all accompany [sic] schedules
and forms, income statements, balance sheets, financial statements,
invoices and other documents supporting any deductions, expenses, or
income for 1997 to the present.


 The Patels timely objected and filed a motion to quash the depositions on
written question requests asserting that the requests were (1) overbroad, (2) not
relevant, (3) not likely to lead to the discovery of admissible evidence, (4) not material,
and (5) protected under the accountant-client privilege found in section 901.457 of the
occupations code. See Tex. Occ. Code Ann. § 901.457 (Vernon 2004). The trial
court denied the motion, and the Patels now seek mandamus review.

II. The Law

 Mandamus relief is appropriate only if the trial court abused its discretion
or violated a legal duty, and there is no adequate remedy at law, such as
an appeal. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig.
proceeding). A trial court's ruling that requires production beyond what
our procedural rules permit is an abuse of discretion. See, e.g., Texaco,
Inc. v. Sanderson, 898 S.W.2d 813, 815 (Tex. 1995) (orig. proceeding). 
If an appellate court cannot remedy a trial court's discovery error, then
an adequate appellate remedy does not exist. Texaco, 898 S.W.2d at
815; Walker, 827 S.W.2d at 843.


In re Dana Corp., 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (per curiam);
Dillard Dept. Stores, Inc. v. Hall, 909 S.W.2d 491, 492 (Tex. 1995) (orig. proceeding)
(per curiam) (providing that the scope of discovery is largely within the discretion of
the trial court).

 Discovery is generally permitted of any unprivileged information relevant to the
subject of a lawsuit, whether it relates to a claim or defense of the parties. Tex. R.
Civ. P. 192.3(a); see In re Am. Optical Corp., 988 S.W.2d 711, 713 (Tex. 1998) (orig.
proceeding) (per curiam) (providing that although the scope of discovery is broad,
requests must show a reasonable expectation of obtaining information that will aid the
dispute's resolution and may not be used as a fishing expedition). As long as the
information sought appears reasonably calculated to lead to the discovery of
admissible evidence, it is not a ground for objection that the information sought will
be inadmissible at trial. Tex. R. Civ. P. 192.3(a). "An order compelling discovery that
is well outside the proper bounds is reviewable by mandamus." In re Am. Optical
Corp., 988 S.W.2d at 713.

III. Analysis

A. Overbroad Challenge

 Relators first argue that Nautilus's requests for "any and all records" are
overbroad. They complain that Nautilus could have more narrowly tailored its requests
to avoid including tenuous information by itemizing the documents sought. See In re
CSX Corp., 124 S.W.3d 149, 153 (Tex. 2003) (orig. proceeding) (per curiam) (citing 
In re Am. Optical, 988 S.W.2d at 713). From Prosperity Bank, Nautilus sought "any
and all" bank statements, checks, deposit slips, withdrawal slips, loans, loan
applications, property appraisals or any other documents relating to Baldev Patel and/or
Baldev Patel d/b/a The Wharton Inn and/or Jayesh Patel. From Desai, it requested
"any and all" documents including tax returns with all supporting documents for 1997
to the present, again relating to Baldev Patel and/or Baldev Patel d/b/a The Wharton
Inn and/or Jayesh Patel.

 The mere existence of the language "any and all" does not violate the specificity
requirements of discovery as long as the request is further restricted to a particular
type or class of documents. See Chamberlain v. Cherry, 818 S.W.2d 201, 204 (Tex.
App.-Amarillo 1991, orig. proceeding). Both subpoenas in question contain a
description of a particular type or class of documents following the language "any and
all." The requests show a reasonable expectation of obtaining information that will aid
the dispute's resolution. See In re Am. Optical Corp., 988 S.W.2d at 713. The
subpoenas duces tecum are directed to entities which are in possession of documents
relative to the Patels' financial condition. Nautilus also concedes that it is not
requesting documents dated prior to 1997, the date Baldev began doing business as
the Wharton Inn. Thus, the subpoenas do not require the production of documents
from an unreasonably long period of time. Accordingly, we conclude that Nautilus's
requests are not overly broad.

B. Relevancy Challenges

 Relators further argue that even if Nautilus tailored its requests to identify
specific documents sought, it failed to show how any documents in the possession of
Prosperity Bank or Desai would be relevant to the issues in this cause. In response,
Nautilus asserts that the documents sought from Prosperity Bank and Desai are
relevant to relators' claims for lost rental income and lost business opportunity because
the claims place their financial condition in issue. It contends that these records would
allow it to test the accuracy of relators' alleged loss of rental income during a
particular period of time and should also identify trends for income earned at the Inn
during certain times of year in the pre- and post-storm periods. Nautilus also urges
that it sought documents from Prosperity Bank and from Desai that could substantiate
repairs made to the Inn following the hail storm and reveal the identity of (1) pre-storm
insurance carriers that were paid premiums out of the bank accounts, (2) insurers that
insured and inspected the property, and (3) contractors or other service providers paid
out of these accounts that may be familiar with the property's pre-storm condition.

1. Relevancy of Documents Related to Jayesh Patel

 Relators more specifically assert that the documents requested from the bank
and the accountant regarding Jayesh Patel are not relevant. Based on the record
before us, we agree.

 The general rule in financial records production cases is that the burden on the
discovery of financial records lies with the party seeking to prevent production. 
Peeples v. Honorable Fourth Supreme Judicial Dist., 701 S.W.2d 635, 637 (Tex.
1985) (orig. proceeding); see Kern v. Gleason, 840 S.W.2d 730, 735-37 (Tex.
App.-Amarillo 1992, orig. proceeding) (applying general rule to production of financial
records). In its response to the motion for protective order and motion to reconsider
and/or modify, Nautilus asserted that "Jayesh Patel has also made a claim for money
damages as a result of the alleged lost revenue and lost business opportunity." 
Nautilus cites the following portion of Jayesh's deposition testimony to support this
assertion:

 Q. Are you making a claim for lost business opportunity in this lawsuit
against Mr. Kauffman, GAB and Nautilus Insurance Company?


 A. Loss of business at the Wharton Inn?


 Q. Well, are you making a claim for a lost opportunity to have this hotel? 
Is that part of your claims in this lawsuit?


 A. I feel like it was a personal loss to me.


 Q. Are you making a claim to receive money for that in this lawsuit?


 A. Yes.


 Additionally, in its response to relators' motion for protective order and motion
to reconsider and/or modify, to support the relevancy of Jayesh's financial records,
Nautilus relies upon Jayesh's response to questions regarding a lost business
opportunity. At his deposition, Jayesh explained that he was planning to run a new
property himself, while his mother and father ran the Inn. The $45,000 or $50,000
that had been borrowed for the down payment on another motel was allegedly used
to make repairs at the Inn. This money, however, according to Jayesh's testimony,
had been borrowed by Baldev, not Jayesh.

 To challenge the relevancy of Jayesh's financial records, relators attached
Jayesh's affidavit to their motion for protective order and motion to reconsider and/or
modify the order denying their motion to quash. The affidavit set out, in relevant part,
the following:

 I have personal knowledge because I live on the premises of the Wharton
Inn with my father [Baldev Patel], and I have helped him run his business
since he purchased it in 1997.


 My father is the owner and manager of the Wharton Inn. My father does
not speak English well, so he requested that I attend the depositions of
Defendants and their representatives. Defendants' attorneys would not
allow me to sit in on the depositions because I was not a party to this
lawsuit. Because I am named as a beneficiary on the insurance policy,
I was added as a Plaintiff to the lawsuit so that I could attend the
depositions of Defendants and their representatives in place of my father.


 I have no ownership interest in the Wharton Inn, so my individual
personal tax returns, banking records, and accounting records are not
relevant to any matters in this lawsuit.

 Based on the above, we conclude that relators satisfied their burden regarding
their challenge to the discovery of Jayesh's financial records from Prosperity Bank and
Desai. See Peeples, 701 S.W.2d at 637. Jayesh had no ownership interest in the Inn,
and, other than plans to run a new property himself, Jayesh had no financial stake in
the new property for which his father had borrowed money for a down payment. The
trial court's ruling regarding the production of documents related to Jayesh, thus,
required production beyond what our procedural rules permit. See Tex. R. Civ. P.
192.3(a); In re Dana Corp., 138 S.W.3d at 301. The documents do not appear to be
relevant to the subject of a lawsuit and may not be used as a fishing expedition. See
In re Am. Optical Corp., 988 S.W.2d at 713. Thus, the trial court abused its
discretion in ordering the production of Jayesh's documents from Prosperity Bank and
Desai. See Tex. R. Civ. P. 192.3(a).

2. Relevancy of Documents Related to Baldev Patel

 At his deposition, Baldev testified that his bank account would reflect daily hotel
income deposited and that Desai would have possession not only of his tax returns,
but also of any financial statements setting forth his financial condition and monthly
income at various times. At his deposition, Baldev also identified individuals who
performed repair work on the Inn. He explained that they were paid in cash, and,
therefore, the financial records would not help Nautilus identify these individuals. 
However, while Baldev provided Nautilus receipts for supplies and equipment used in
the clean up and repair of the Inn and stated that these items were also paid for in
cash, he also testified at his deposition that he would withdraw money from his bank
account in order to pay cash for the supplies or services. Therefore, while
identification might not be forthcoming from the requested records, certainly the timing
of the cash withdrawals is relevant to substantiate when repairs were made, the cost
of the repairs, and even, perhaps, the frequency and payment of insurance payments
which may lead to the identification of other insurance carriers who may have
conducted inspections and filed reports on the interior of the Inn's rooms. Therefore,
we conclude that Nautilus has sought information from Prosperity Bank and Desai
regarding Baldev that is relevant to claims made and to information that is reasonably
calculated to lead to the discovery of admissible evidence. See Tex. R. Civ. P.
192.3(a); In re Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998) (orig.
proceeding) (providing that appellate courts are mindful that the purpose of discovery
is to seek the truth so that disputes may be decided by what the facts reveal, not by
what facts are concealed).

C. Challenge to Production of Tax Returns and Supporting Documentation

 Relators specifically challenge the trial court's order compelling the production
of federal income tax returns with all supporting documentation for 1997 to the
present. Relators contend that Nautilus cannot obtain the income tax returns because
it has not shown relevancy and materiality, and, even had relevancy and materiality
been established, the returns were not submitted for an in camera inspection to
separate the irrelevant and immaterial parts before production.

 The Texas Supreme Court has long cautioned us that:

 Subjecting federal income tax returns of our citizens to discovery is
sustainable only because the pursuit of justice between the litigants
outweighs protection of their privacy. But sacrifices of the latter should
be kept to the minimum, and this requires scrupulous limitation of
discovery to information furthering justice between the parties which, in
turn, can only be information of relevancy and materiality to the matters
in controversy.


Maresca v. Marks, 362 S.W.2d 299, 301 (Tex. 1962) (orig. proceeding); see Hall v.
Lawlis, 907 S.W.2d 493, 494 (Tex. 1995) (orig. proceeding) (per curiam) (concluding
that income tax returns are discoverable to the extent that they are relevant and
material to issues presented in the lawsuit); Sears, Roebuck & Co. v. Ramirez, 824
S.W.2d 558, 559 (Tex. 1991) (orig. proceeding) (per curiam) (concluding that issuance
of mandamus was "guided by our reluctance to allow uncontrolled and unnecessary
discovery of federal income tax returns").

 Once an objection is asserted, as in this case, unlike the production of other
financial records, see Peeples, 701 S.W.2d at 637 (setting out that burden on the
discovery of financial records lies with the party seeking to prevent production), the
party seeking discovery of the tax returns has the burden of showing relevance and
materiality. El Centro del Barrio, Inc. v. Barlow, 894 S.W.2d 775, 779 (Tex.
App.-San Antonio 1994, orig. proceeding) (citing Maresca, 362 S.W.2d at 300)
(emphasis added).

 To meet its burden, in its response in opposition to relators' motion to quash,
Nautilus offered the following argument:

 Nautilus has previously propounded written discovery on Plaintiffs
seeking records and other documents regarding income earned at
Plaintiffs' hotel during the preceding and after the storm, including
complete income tax returns . . . . Plaintiffs have not provided this
information and in deposition claimed to be unable to recall this
information.


In its response to relators' petition in this original proceeding, Nautilus asserts that the
income tax returns will "provide information that will lead to the discovery of
admissible evidence regarding Relators' overall financial condition" and that the returns
"are the best source of information as to all sources of Relators' disposable income. 
The returns may also contain information about the condition of and repairs to the
property in question prior to the storm." See Nautilus's Response to [the Patels']
Petition for Writ of Mandamus, p. 15 (emphasis in original). Nautilus continues,
"since the Relators' income tax returns are the best source of information regarding
all income from all sources and may contain information about the condition of the
property, there is no reasonable need for an in camera inspection." See id. "All
portions of income tax returns are relevant to the subject of Relators' overall financial
condition, including deductions to income, which must be examined to verify the
extent of Relators' disposable income." See id. at pp. 15-16.

 Nautilus has provided no authority to support its contentions, specifically as to
the materiality of the tax records and the supporting documentation. (4) Federal income
tax returns are not material if the same information can be obtained from another
source. See El Centro del Barrio, 894 S.W.2d at 780. This limitation requires the
requesting party to show that the relevant information sought through the returns
cannot be obtained from another source. See id. (citing Kern, 840 S.W.2d at 738). 
While acknowledging Nautilus's frustration with the financial information relators have
produced in response to written discovery and at deposition, there is no indication the
financial records to be produced by Prosperity Bank and by Desai, as well as those to
be produced or already produced by Insurance Net and the Texas Comptroller's Office,
will not provide the information sought. See Sears, 824 S.W.2d at 559 (a unanimous
supreme court finding the trial court abused it discretion by requiring disclosure of tax
returns when the same information had been obtained from another source); Maresca,
362 S.W.2d at 301 (same); El Centro del Barrio, 894 S.W.2d at 779-80 (same); Kern,
840 S.W.2d at 738 (providing that claimants were required to attempt to discover
relevant evidence from other records before seeking production of income tax returns). 
Discovery of tax returns, in addition to other documents requested, may result in
unnecessary duplication. See Sears, 824 S.W.2d at 559.

 Therefore, on this record, having determined Jayesh's tax returns are not
relevant, we now conclude that Nautilus has not shown materiality and is not entitled
to production of the Baldev's income tax returns and supporting documentation. The
trial court abused its discretion in finding that these documents are material and in
ordering their production. We are mindful, however, that our ruling is based solely on
the record before us and that we express no opinion regarding whether, after
additional discovery, the tax returns and supporting documentation could be shown
to be material. See Kern, 840 S.W.2d at 738 (noting that if alternate source of
information proves to be incomplete, renewed request for income tax returns could be
made). Moreover, steps such as in camera inspection or redaction may be advisable
or necessary to limit disclosure solely to information that is determined to be
discoverable. See, e.g., Maresca, 362 S.W.2d at 301.

D. Accountant-Client Privilege as to Baldev's Records

 Finally, relators complain about the production of documents requested from
Desai, their CPA. They contend that Nautilus has not sought, nor obtained, an order
from the trial court directing Desai to disclose any specific information concerning
relators or the Inn; thus, production is privileged under section 901.457 of the
occupations code. (5) Nautilus does not counter that an accountant-client evidentiary
privilege does not exist in Texas. (6) It argues only that the documents requested from
Desai must be disclosed because there was a court order that satisfied the
requirements of section 901.457. Therefore, assuming without determining that an
accountant-client evidentiary privilege exists in Texas, we will address the only issue
before this Court, that being whether there is a court order requiring the production of
the requested documents.

 Section 901.457 titled "Accountant-Client Privilege," provides, in relevant part,
the following:

 (a) A license holder . . . may not voluntarily disclose information
communicated to the license holder . . . by a client in connection with
services provided to the client by the license holder . . . , except with the
permission of the client . . . .


 (b) This section does not prohibit a license holder from disclosing
information that is required to be disclosed:


* * * * *


 (2) . . . under a court order if the . . . order:


 (A) is addressed to the license holder;


 (B) mentions the client by name; and


 (c) requests specific information concerning
the client . . . .


Tex. Occ. Code Ann. § 901.457.

 In this case, the notice of intent to take deposition by written questions and the
direct questions to be propounded to the witness were to be taken of the custodian
of records for Mahesh Desai, CPA., at 7100 Regency Square Blvd, Houston, TX
77036. The records requested were those of Baldev Patel d/b/a Wharton Inn and/or
the Wharton Inn. The documents specifically requested the following:

 Copies of any and all documen[t]s relating in any way to Baldev Patel,
Jayesh Patel and/or Baldev Patel d/b/a Wharton inn, including, but not
limited to U.S. Income Tax Returns with all accompany [sic] schedules
and forms, income statements, balance sheets, financial statements,
invoices and other documents supporting any deduction, expenses, or
income for 1997 to the present.


Relators filed a motion to quash all notices, including the notice for documents in the
possession of Desai. On November 27, 2006, the trial court signed an order denying
this motion to quash. We conclude that this order, in effect, orders the production of
the documents held by Desai as identified in the notice from Nautilus, thus, satisfying
the requirements outlined above in section 901.457. On this basis, the trial court did
not abuse its discretion in allowing discovery of documents in Desai's possession,
except for Baldev's tax returns and supporting documentation and all documents that 
relate to Jayesh Patel, as discussed above.

IV. Conclusion

 In this case, the trial court compelled discovery of documents outside the proper
bounds. See In re Am. Optical Corp., 988 S.W.2d at 713. Thus, mandamus is
proper, as there is no adequate remedy at law if such documents are produced. See
Walker, 827 S.W.2d at 839.

 Having concluded respondent abused its discretion in ordering production of
Jayesh's documents and Baldev's tax returns and supporting documentation, we
conditionally grant the writ of mandamus on the trial court's denial of relators' motion
to quash notices of intention to take depositions by written questions and subpoenas
duces tecum for documents from Mahesh Desai, relators' CPA, and from Prosperity
Bank, relators' bank, relating to Jayesh Patel and relating to Baldev Patel's federal tax
returns and supporting documentation. We will issue the writ of mandamus only if the
trial court fails to vacate this portion of its November 27, 2006 order. The remainder
of relators' petition for writ of mandamus regarding Nautilus's document requests to
Desai and to Prosperity Bank is hereby denied.

 Furthermore, we lift the stay of proceedings in respondent's court that was
imposed by this Court's order of January 11, 2007.

 

 NELDA V. RODRIGUEZ

 Justice


Opinion delivered and filed this 

29th day of March, 2007.
1. In this opinion, we will refer to Baldev Patel and Jayesh Patel individually as Baldev or Jayesh
or, collectively, as relators.
2. Because we denied the petition as to documents requested from Insurance Net and from the
Texas Comptroller of Public Accounts in our January 11, 2007 order, we only address the written
depositions and subpoenas issued to Mahesh Desai and Prosperity Bank in this opinion.
3. We note that a copy of the petition does not appear in the record.
4. We assume, without deciding, that Baldev's tax returns and supporting documentation contain
relevant information.
5. Section 901.457 is found under title 5, "Regulation of Financial and Legal Services," subtitle
A, "Financial Services," and chapter 901, "Accountants." Tex. Occ. Code Ann. § 901.457 (Vernon
2004).
6. Like Texas, several states have established a statutory accountant-client privilege protecting
confidential communications between accountant and client. See e.g., 225 Ill. Comp. Stat. 450/27
(2001); MD. Code Ann., Cts. & Jud. Proc. § 9-110 (2001); Tex. Occ. Code Ann. § 901.457. However,
"[s]tatutory provisions providing for duties of confidentiality do not automatically imply the creation of
evidentiary privileges binding on courts." Pearson v. Miller, 211 F.3d 57, 68 (3d Cir. 2000); see
Sonnino v. University of Kan. Hosp. Auth., 220 F.R.D. 633, 642 (D. Kan. 2004) (noting that "a concern
for protecting confidentiality does not equate to privilege, and that information and documents are not
shielded from discovery on the sole basis that they are confidential"). Material that is required to be
kept "confidential" may not be protected from disclosure in judicial proceedings. Pearson, 211 F.3d at
68; see Sonnino, 220 F.R.D. at 642. Other than citing section 901.457 of the occupations code,
neither party has provided authority for the proposition that an accountant-client evidentiary privilege
exists in Texas, and we find none. See Tex. Occ. Code Ann. § 901.457; see also Canyon Partners, L.P.,
v. Developers Diversified Realty Corp., No. 3-04-CV-1335-L, 2005 U.S. Dist. LEXIS 26782, at *3 (N.D.
Tex.-Dallas Div. Nov. 4, 2005) (mem. op.) (citing Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.,
218 F.R.D. 125, 134 (E.D. Tex. 2003); Sims v. Kaneb Servs., Inc., No. B14-87-00608-CV, 1988 Tex.
App. LEXIS 2243, at *14 (Tex. App.-Houston [14th Dist.] June 16, 1988, no writ)) ("The court initially
observes that there is no accountant-client privilege under federal or Texas law."); cf. United States v.
Arthur Young & Co., 465 U.S. 805, 817 (1984) (quoting Couch v. United States, 409 U.S. 322, 335
(1973) ("[N]o confidential accountant-client privilege exists under federal law, and no state-created
privilege has been recognized in federal cases."). Therefore, because the law is not clear on this issue,
to the extent the trial court's denial of the motion to quash in this case was based on no privilege, we
cannot conclude it abused its discretion.